BROMLEY et al. v. GREAT SUBURBAN IMPROVEMENTS CO.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. SALES (§ 359*)—RECOVERY—SUFFICIENCY OF EVIDENCE.

In an action to recover for atlases sold and delivered to defendant under a subscription agreement, where the subscription books were not in evidence, and where defendant only admitted that the signature in the books was his, and there was no evidence either of agreed price or reasonable value, a judgment for plaintiff was erroneous.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

2. EVIDENCE (§ 373*)—DOCUMENTARY EVIDENCE—PREDICATE.

In an action to recover for atlases sold under a subscription agreement, defendant's admission that a signature in the books was his, not intended as an admission of his signature to the subscription alleged, was not sufficient foundation for the admission of the subscription books.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1581–1586, 1590, 1592, 1593, 1610, 1611; Dec. Dig. § 373.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George W. Bromley and another, copartners, against the Great Suburban Improvements Company. From a judgment rendered

---

in favor of the plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

James A. Beha, of New York City, for appellant.

M. S. Schector, of New York City, for respondents.

LEHMAN, J. The complaint herein alleges that the plaintiffs sold and delivered, at the special instance and request of the defendant, goods, wares, and merchandise, to wit, volume 1 and volume 2 of Bergen County, at the agreed and stipulated price of $60. That said sale and delivery was made pursuant to a subscription agreement executed and entered into between the plaintiff and defendant, wherein and whereby the defendant subscribed for the above-mentioned atlases. The answer denies these allegations. At the trial the plaintiffs offered in evidence two subscription books. On the first pages of these books appear a description of certain atlases and their price, followed by the words:

"We whose names are hereinafter subscribed, agree to take of G. W. Bromley & Co. the number of copies of the above atlas set opposite our respective names and to pay the price specified when the work is delivered.

"G. W. Bromley & Co."

Then follow pages of signatures with addresses, number of copies, and price. At the time when the books were offered in evidence no preliminary proof to establish a foundation for their admission had been given. The defendant's attorney, however, then stated that the—

"signature of the Great Suburban Improvements Company, signed by Joseph B. Olindorf, president, is the proper signature of such officer, and the same signature is conceded on page 10. *We only concede that is our signature.*"

The record then states:

"Signatures offered in evidence and marked with the consent of the defendant. Marked Plaintiffs' Exhibits 1 and 2."

The defendant's attorney then stated:

"We consent that that is the name of the defendant company, signed by its proper officer. That it is the signature only."

Thereafter the defendant conceded that:

"Two atlases were delivered, known as volumes 1 and 2 atlases furnished by the plaintiffs," and that "payment of $60 was demanded and refused."

[1] Upon this record the trial justice denied the defendant's motion to dismiss the complaint, and granted judgment for the plaintiff. Obviously there is no basis for such a judgment. The subscription books were never admitted in evidence, and the signatures which alone were admitted prove nothing. There is therefore no evidence either of agreed price or reasonable value of the books delivered.

[2] The plaintiffs are not in a position to claim that the failure to mark the books in evidence is merely an oversight, and that the admission in evidence of the signature was intended as an admission in evidence of the books because the concession of the signature was evidently not intended or understood to be a concession that this signature

was given to the contract alleged, and it laid no sufficient foundation for the admission of the books.

Judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.